M. W. BUTTS, PLAINTIFF IN ERROR, V. CAPITAL NATIONAL BANK, DEFENDANT IN ERROR.

1. **Negotiable Instruments:** EVIDENCE OF PAYMENT IN PART: BURDEN OF PROOF.   Where an action was brought upon a promissory note for the sum of $250, and it appeared that originally the loan had been made for $500, that a number of renewals had been had, and it was claimed by the payee that the note sued on was for the balance of the original loan; *Held*, That a letter written by the payee to the maker, as follows: "LINCOLN, NEB., June 1, 1883.    *Mrs. M. W. Butts*—Your letter received, and we credit $300 on note," imposed on the payee the burden of showing that the note referred to in such letter was not that held by the payee against the defendant.

ERROR to the district court for Lancaster county. Tried below before POUND and HAYWARD, J.J.

*Harwood, Ames & Kelly* and *Edson Rich,* for plaintiff in error.

*Chas. O. Whedon,* for defendant in error.

MAXWELL, CH. J.

This action was brought in the court below upon a promissory note, of which the following is a copy:
"$250.00.   LINCOLN, NEB., Nov. 25, 1884, No. 7183, A.
Ninety days after date I promise to pay to the order of Capital National Bank two hundred and fifty dollars, for

value received and payable without defalcation or discount, at their bank in Lincoln, Nebraska, with interest at the rate of ten per cent per annum, from maturity until paid.

"P. O. BUTTS.

"Due Feb'ry 23–25, '85.          · M. W. BUTTS."

M. W. Butts makes answer for herself as follows:

"She admits the plaintiff is a corporation under the laws of the United States, and that on the 25th day of November, 1884, she signed a note with P. O. Butts for $250 and ten per cent interest from February 26th, 1885, to said bank; but denies each and every other allegation in said plaintiff's petition contained. And this defendant further answering says she is the wife of said P. O. Butts, having been married to him October 12th, 1882, and that about two weeks after such marriage defendant P. O. Butts informed this defendant that he was owing the plaintiff about the sum of $450, and wanted her to sign a note with him for that amount, stating that it was a mere matter of form as the banks require two signatures to a note, but that she would never have it to pay. Relying on these statements this defendant went with P. O. Butts. That afterwards the same was renewed at various times, until some time in January, 1884, said P. O. Butts paid a part of said note, and induced this defendant, by the same representations as at first, to sign a renewal note for the balance of said note unpaid in the sum of $250; that said note of $250 was afterwards renewed from time to time until the note herein sued on was signed as such renewal by P. O. Butts; and this defendant further says that the debt so contracted with said plaintiff bank was the sole and individual debt of said P. O. Butts, and the same was contracted prior to the marriage of said P. O. Butts with this defendant; that this defendant never had a particle of benefit from the proceeds of said note or notes, and that said P. O. Butts has never contributed anything to the support of this defendant or her children since said marriage; and this defendant fur-

ther avers that said note has been fully paid to said bank by said P. O. Butts, and that this suit is brought in the name of said bank solely for the use and benefit of said P. O. Butts, who thereby seeks to collect said note from the property of this defendant. Wherefore this defendant prays the court that she be discharged from any indebtedness on said note and may be hence dismissed with her reasonable costs."

The reply admits the marriage of the defendant, but denies each and every other allegation in the answer.

On the trial of the cause a jury was waived and the cause tried to the court, which rendered judgment in favor of the bank for the sum of $287.50

The bank contends that but one note was given which was for $500 loaned the plaintiff in error on the 31st of October, 1882. On the amount thus loaned the plaintiff below admits there was paid on the 21st day of February, 1883, $100; on the 21st of May, 1884, a second $100; and on the 29th of November, 1884, $50, new notes being given at each of the times stated and the interest up to those dates being paid. It is contended on behalf of the bank that the note in controversy was given for the unpaid balance of the $500 loaned October 31st, 1882.

On behalf of the plaintiff in error the following letter was introduced in evidence, signed by the proper officers of the bank :

"LINCOLN, NEB., June 1, 1883.

*Mrs. M. W. Butts*—Your letter received, and we credit $300 on note."

The letter also contains a reference to her business, to which it is unnecessary to refer. The letter to which this was an answer was not produced by the bank, nor was any attempt made to explain it, except that the amount of $300 was not entered on the books of the bank, and that it would have been so entered if paid as stated. The ex-

planation is not satisfactory. There is a clear admission in the letter of the receipt of $300, and that the same was credited on the note. If there was but one note *prima facie* it would seem that that sum would have been credited on the note, and if so, there cannot be due the bank the sum recovered in this action. It devolves upon the bank to explain the letter referred to. The judgment, therefore, is contrary to the weight of evidence and is reversed, and the cause remanded.

REVERSED AND REMANDED.

THE other judges concur.